IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| HILARY LEE SHEPHERD, | ) | CIV. *16-3020* |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **DEMAND FOR TRIAL BY JURY** |
| | ) | |
| SOUTH DAKOTA DEPARTMENT | ) | |
| OF CORRECTIONS, COLBY | ) | |
| BUCKLES, individually and in his | ) | **FILED** |
| official capacity, BRENDA HYDE, | ) | **JUN 0 7 2016** |
| individually and in her official capacity, | ) | |
| STEPHAN ALLARD, individually and | ) | |
| in his official capacity, and DOES 1-10 | ) | CLERK |
| | ) | |
| Defendants | ) | |
| | ) | |

COMES NOW Plaintiff HILARY LEE SHEPHERD and for causes of action

against Defendants SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, COLBY

BUCKLES, individually and in his official capacity, BRENDA HYDE, individually and

in her official capacity, STEPHAN ALLARD, individually and in his official capacity,

and DOES 1-10 alleges the following:

**JURISDICTION AND VENUE**

1.       This action is brought pursuant to Title VII of the Civil Rights Act of

1964, as amended (42 U.S.C. §2000e, et seq.), 42 U.S.C. § 12101, 42 U.S.C. §1981a, 42

U.S.C. §1983, et seq. for the deprivation of rights guaranteed by the Fourteenth

Amendment to the United States Constitution, and South Dakota law. The jurisdiction of

this Court is invoked to secure protection of and redress deprivation of rights guaranteed

by federal law, which rights provide for injunctive and other relief for illegal

1

discrimination in employment. Jurisdiction is further established in this Honorable Court under 42 U.S.C. §1983 et seq.

2.      This court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1343(4). The Court further has supplemental jurisdiction over the subject matter of state law causes of action pursuant to 28 U.S.C. § 1367 (a).

3.      Venue of this suit lies in the pursuant to 28 U.S.C. § 1391(b) and (e) because (1) all of the events giving rise to the claims alleged herein occurred within the district, as more specifically described below and (2) all of the parties reside in the district.

4.      Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites for the bringing of this action. See Ex. A.

## PARTIES

5.      Plaintiff HILARY LEE SHEPHERD is an adult female individual and a citizen of the United States who currently resides in Pierre, South Dakota and so resided at all times relevant to this action. Plaintiff served and was honorably discharged from the Air National Guard after a deployment to Iraq.

6.      Defendant SOUTH DAKOTA DEPARTMENT OF CORRECTIONS (hereinafter SDDOC) was an employer in Pierre, South Dakota at the time the alleged acts of discrimination occurred. Defendant is, and at all times relevant hereto was, a state governmental entity. Defendant engaged in an industry affecting commerce and employed more than twenty (20) regular employees.

7.      Defendant Colby Buckles was at all relevant times a sergeant with

2

SDDOC and was and is a resident of South Dakota.

8.        Defendant Brenda Hyde was at all relevant times the warden of the SDDOC women's prison in Pierre, SD and was and is a resident of South Dakota.

9.        Defendant Stephan Allard was at all relevant times the deputy warden of the SDDOC women's prison in Pierre, SD and was and is a resident of South Dakota.

10.       Defendants DOES 1 through 10, inclusive, and each of them, are sued herein under said fictitious names.  Plaintiff is ignorant as to the true names and capacities of DOE Defendants, whether individual, corporate, associate, or otherwise, and therefore sue said Defendants by such fictitious names.  When their true names and capacities are ascertained, Plaintiff will request leave of Court to amend this Complaint to state their true names and capacities herein.

## GENERAL FACTUAL ALLEGATIONS

11.       Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 10 above.

12.       Sergeant Buckles has a reputation for flirting with female officers and ensuring that new female officers were assigned to his shift. Fellow officers noted that Sergeant Buckles would have favorite female officers that received special treatment. Buckles was known to tell jokes of a sexual nature specifically to his female co-workers. Fellow officers also noted that Buckles had multiple intimate relationships with female co-workers.

13.       Prior to being targeted herself, Plaintiff became aware of the depth of Buckles' targeting of women through her roommate, who was the subject of sexual

3

advances by Buckles every day for the two and one half months she worked with Buckles prior to taking a medical leave of absence. Plaintiff's roommate shared with Plaintiff the cards, notes, and text messages Buckles gave her. Plaintiff's roommate disclosed to Plaintiff that Buckles used every opportunity available, including manipulating shifts and duty assignments, to spend as much time as possible with her. The roommate reported the conduct to Sergeant Shied with SDDOC, with little result.

14.        At least one other woman reported sexual advances, in the form of text messages with sexual innuendos, and that report was communicated to Deputy Warden Allard and Warden Hyde. The report was not well received and the employee that reported was told to back off.

## COUNT 1

### Intentional Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq.)

### (SDDOC, Buckles, Hyde, Allard)

15.        Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 14 above.

16.        At all relevant times, Plaintiff was an employee of SDDOC.

17.        Sergeant Buckles made unwanted sexual advances to Plaintiff, and/ or engaged in other unwanted verbal conduct of a sexual nature as follows:

a.        Buckles repeatedly talked about Plaintiff with male officers over the course of Plaintiff's employment with SDDOC. He would do so when Plaintiff was present in a flirting manner. Buckles would bring up a past friendly relationship with Plaintiff in order to imply that Plaintiff and Buckles had a past sexual relationship.

4

Buckles ignored Plaintiff's requests to stop discussing her in that manner.

           b.      On a date after Plaintiff's roommate had left on medical leave, Plaintiff was assigned to Sergeant Buckles' shift and was commanded to do rounds of the prison block with Buckles. The rounds required one officer to inspect the upstairs cells. At each cell block, Buckles looked at Plaintiff, grinned, and made a comment in a sexual tone to the effect that Plaintiff "liked it on top" or that she was "tired on top". Buckles repeated these comments for each of the four cell blocks. In the cell hall unit, Buckles also found a hardware nut on the floor, handed it to Plaintiff, smirked, and asked Plaintiff in a sexual tone to save it for him for later, which Plaintiff interpreted as a reference to the slang term for ejaculating: "busting a nut". Buckles had used the term in the past when flirting with other females at the passdesk. Plaintiff concluded that she was being groomed as Buckles' newest paramour.

18.      Plaintiff knew Sergeant Buckles had a history of grooming female officers for sexual relationships and interpreted his conduct as solicitation of a sexual relationship.

19.      Sergeant Buckles was indeed soliciting a sexual relationship.

20.      Plaintiff perceived the working environment as abusive or hostile.

21.      Given the totality of the environment in the form of treatment of females by Sergeant Buckles and the specific targeting of Plaintiff, a reasonable woman in Plaintiff's circumstances would consider the working environment as so hostile that the conditions of employment had been altered.

22.      Sergeant Buckles was an immediate supervisor of Plaintiff at the time of the alleged conduct.

23.         Plaintiff reported Buckles' conduct to Deputy Warden Stephen
Allard.

24.         Plaintiff communicated to Deputy Warden Allard that she feared
retaliation from Buckles should Buckles learn of the report and desired to be transferred
to a different sergeant.

25.         Deputy Warden Allard did not appear to take Plaintiff seriously
and instructed Plaintiff to "talk to the door".

26.         Deputy Warden Allard informed Sergeant Buckles of the report
and details.

27.         SDDOC, Warden Hyde, and Deputy Warden Allard failed to
investigate and remedy the sexual harassment and thereby ratified the conduct of
Buckles.

28.         As a result of Plaintiff's rejection of Buckles' advances and her
report of the conduct to Deputy Warden Allard, Sergeant Buckles began treating Plaintiff
with contempt and, ultimately, manufactured a report of insubordination, which was
calculated to result in Plaintiff's termination.

29.         SDDOC, Warden Hyde, and Deputy Warden Allard knew or
should have known of Sergeant Buckles' propensity to discriminate against female
officers because of their gender because they received past reports, were witnesses to
such conduct, and/ or failed to put in place or enforce policies or procedures designed to
prevent such discrimination.

30.         Plaintiff was terminated as a result of Sergeant Buckles' report.

31.         As a result of her harassment by Buckles and resulting termination

6

by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

32.        As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

33.        Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.

## COUNT 2

### Retaliatory Discharge in Violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq.)

### (SDDOC, Buckles, Hyde, Allard)

34.        Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 33 above.

35.        Plaintiff engaged in the protected activity of reporting sexual harassment.

36.        In retaliation for the report by Plaintiff, Sargent Buckles manufactured a report calculated and/ or certain to result in the termination of Plaintiff.

37.        A reasonable employee under the same or similar circumstances might well have been disuaded from reporting sexual harassment because of Defendants' actions.

38.        Plaintiff was terminated because of her reporting of sexual harassment and/ or the reporting of sexual harassment was a motivating factor in the

7

termination.

39.        As a result of her harassment by Buckles and resulting termination by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

40.        As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

41.        Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.

## COUNT 3

**Disability Discrimination in Violation of the Americans with Disabilities Act and/ or the Rehabilitation Act (42 U.S.C. §12101, et. seq. and 29 U.S.C. §701, et. seq.)**

**(SDDOC, Hyde, Allard)**

42.        Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 41 above.

43.        Upon information and belief SDDOC waived Eleventh Amendment immunity for disability discrimination in conjunction with acceptance of federal funding.

44.        Plaintiff has been diagnosed with post traumatic stress disorder (PTSD) stemming from her honorable military service and is substantially limited in major bodily functions such as neurological, brain, and thinking functions.

45.        Plaintiff disclosed this medical condition to Deputy Warden Allard

and SDDOC at the time she was hired.

46.          Plaintiff has been prescribed medication to treat her PTSD with the known side effects of drowsiness and difficulty waking, and is substantially limited in those major life activities.

47.          Defendant, pursuant to the provisions of 42 U.S.C. 12101 et seq., owed the Plaintiff a special duty to engage in an interactive process to attempt to accommodate Plaintiff's known psychological impairment and/ or before acting to discharge her employment.

48.          On or about November 3, 2014, Plaintiff informed Deputy Warden Allard that the working conditions created by Sgt. Buckles was affecting her disability.

49.          Deputy Warden Allard and SDDOC did not engage in an interactive process to determine how Plaintiff's disability was affected or if a reasonable accommodation was available.

50.          Defendant breached its special duty of care to the Plaintiff, and violated 42 U.S.C. 12101 et seq., by discharging Plaintiff's employment without making reasonable accommodations for her known psychological impairment.

51.          At the time Defendant breached its special duty of care to the plaintiff, Plaintiff suffered from permanent and disabling psychological injuries, known to the Defendant, which substantially limited her life activities. Nevertheless, Plaintiff was qualified to perform the essential functions of her managerial position, with or without reasonable accommodation.

52.          As a result of her harassment by Buckles and resulting termination by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for

alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

53.        As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

54.        Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.

## COUNT 4

### Interference With Right To Be Free From Discrimination

### 28 USC §1983

### (Buckles, Hyde, Allard)

55.        Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 54 above.

56.        Defendant Buckles acted under color of law in sexually harassing Plaintiff.

57.        Defendants Buckles, Hyde, and Allard acted under color of law in recommending termination and terminating Plaintiff.

58.        Defendants acted with deliberate indifference to Plaintiff's rights under the Constitution.

59.        The actions of Buckles, Hyde, and Allard have served to deprive Plaintiff her constitutional right to be free from gender based discrimination in employment and Defendants are liable under 42 USC §1983 for the deprivation of rights secured by the First, Fifth and Fourteenth Amendments to the United States Constitution.

60.     As a result of her harassment by Buckles and resulting termination by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

61.     As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

62.     Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.

## COUNT 5

### Denial of Procedural Due Process

### 28 USC §1983

### (Buckles, Hyde, Allard)

63.     Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 62 above.

64.     Plaintiff had a property right in continued employment under SDCL 3-3-4 and SDCL 3-6D, et seq., and/ or, upon information and belief, was terminated immediately prior to the vesting of that right under SDCL 3-6D, et seq. in order to prevent the right from vesting.

65.     Defendants Buckles, Hyde, and Allard acted under color of law in terminating Plaintiff.

66.     Defendants acted with deliberate indifference to Plaintiff's rights under the Constitution.

67.        Defendants Buckles, Hyde, and Allard deprived Plaintiff of her property right in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution when they failed to provide a pre-deprivation full disclosure of the charges against her, an explanation of the evidence, and an opportunity for Plaintiff to respond.

68.        Plaintiff had a liberty interest in her name, reputation, honor, and integrity.

69.        Defendants Buckles, Hyde, and Allard deprived Plaintiff of her liberty interest in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution when they failed to provide a post-deprivation full disclosure of the charges against her, an explanation of the evidence, and an opportunity for Plaintiff to respond to all charges.

70.        Defendants limited Plaintiff's post-deprivation process to a claim of discrimination, depriving her of adequate state procedures to protect her liberty and property interests.

71.        Defendants limited Plaintiff's future employment opportunities by requesting that Plaintiff be removed from consideration for all state employment for two years based on a claim of workplace misconduct.

72.        Defendants acted under the color of law in making the statement.

73.        Defendants acted with deliberate indifference to Plaintiff's rights under the Constitution in making the statement.

74.        As a result of her harassment by Buckles and resulting termination by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for

12

alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

75.        As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

76.        Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.

## COUNT 6

### Denial of Substantive Due Process

### 28 USC §1983

### (Buckles, Hyde, Allard)

77.        Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 76 above.

78.        Plaintiff had a property right in continued employment under SDCL 3-3-4 and SDCL 3-6D, et seq., and/ or, upon information and belief, was terminated immediately prior to the vesting of that right under SDCL 3-6D, et seq. in order to prevent the right from vesting.

79.        Defendants Buckles, Hyde, and Allard acted under color of law in terminating Plaintiff.

80.        Defendants conduct in terminating Plaintiff was arbitrary and capricious.

81.        Plaintiff had a liberty interest in her name, reputation, honor, and integrity.

13

82.     Defendants limited Plaintiff's future employment opportunities by requesting that Plaintiff be removed from consideration for all state employment for two years based on a claim of workplace misconduct.

83.     Defendants acted under the color of law in making the statement.

84.     Defendants acted with deliberate indifference to Plaintiff's rights under the Constitution in making the statement.

85.     Defendants' claim was false.

86.     Defendants' claim was published when it was placed in Plaintiff's employment file and was foreseeably republished by Defendants or others each time Plaintiff applied for a job.

87.     As a result of her harassment by Buckles and resulting termination by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

88.     As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

89.     Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.

## COUNT 7

## WRONGFUL TERMINATION IN VIOLATION OF SDCL 3-3-4, SDCL 3-6D, et seq., and PUBLIC POLICY

### (Buckles, Hyde, Allard)

14

90.     Plaintiff incorporates and adopts all material allegations set forth in paragraphs 1 through 89 above.

91.     The public policy of the state of South Dakota is stated in SDCL 3-3-4.

92.     The notice and hearing provisions of SDCL 3-3-4 and SDCL 3-6D, et seq. are ministerial duties.

93.     Defendants breached SDCL 3-3-4, SDCL 3-6D, et seq. and violated South Dakota public policy by terminating Plaintiff without cause and without an opportunity to be heard on the charges against her as provided by SDCL 3-3-4 and 3-6D, et seq.

94.     As a result of her harassment by Buckles and resulting termination by SDDOC, Plaintiff has suffered lost wages, lost benefits, expenses in searching for alternate employment and/ or seeking retraining, embarrassment, sadness, and lost enjoyment of life.

95.     As a result of Defendants' conduct Plaintiff will continue to suffer lost wages, lost benefits, and expenses in searching for replacement employment and/ or seeking retraining in the future.

96.     Defendants' conduct was in willful, wanton and in conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable.


**PRAYER**

WHEREFORE, Plaintiff HILARY LEE SHEPHERD requests that this Honorable Court advance this case on the docket, order a hearing at the earliest practical date, and

upon such hearing: Request all available relief including:

    (A) Issue an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above;

    (B) Award Plaintiff front pay, fringe benefits, and other compensation; and

    (C) Award Plaintiff the cost of this action and for exhaustion of her administrative remedies, including reasonable attorney's fees, and such other legal and equitable relief as this court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial in this action.

DATED:    June 7, 2016

                                                 
Michael Shubeck, Esq.
Gregory A. Yates, Esq.
LAW OFFICES OF GREGORY A. YATES
550 North 5th Street
Rapid City, SD 57701
(605) 718-2069
Attorneys for Plaintiff Hilary Lee Shephard

16